# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-824V
(not to be published)

| | | |
|---|---|---|
| MARY LIGOURI, | * | |
| Petitioner, | * | Filed: April 16, 2021 |
| v. | * | Entitlement; Decision by Proffer; |
| | * | Damages; Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Guillain-Barré syndrome |
| Respondent. | * | |

*Andrew Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner
*Sarah Duncan*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On June 12, 2018, Mary Ligouri ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that she developed Guillain-Barré syndrome as a result of the influenza ("flu") vaccination she received on January 3, 2018. *See* Proffer at 1, ECF No. 58; *see also* Pet.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On April 20, 2020, Petitioner filed an expert report from Dr. Peter-Brian Andersson, a board-certified neurologist, which addressed Petitioner's symptoms prior to her January 3, 2018 vaccination. Ex. 17.

On October 2, 2020, in an Amended Rule 4(c) Report, Respondent stated his position is that "petitioner has now satisfied the criteria set forth in the Vaccine Injury Table and QAI, which afford[s] petitioner a presumption of causation if the diagnosis of GBS is sound; the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination; and, there is no identified more likely alternative diagnosis." Am. Resp't's Rep. at 2-3; *see also* 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15). Respondent requested a ruling on the record regarding Petitioner's entitlement to compensation. I issued a Ruling on Entitlement on April 15, 2021. ECF No. 57.

Respondent filed a proffer on April 16, 2021 (ECF No. 58), agreeing to issue the following payments:

1. A lump sum payment of **$182,263.85** paid in the form of a check to Petitioner; $175,000.00 for actual and projected pain and suffering, and $7,263.85 for past unreimbursable expenses related to [Petitioner's] vaccine-related injury.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $182,263.85, in the form of a check payable to Petitioner, Mary Ligouri**. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARY LIGOURI,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-824V<br>Special Master Oler<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 12, 2018, Mary Ligouri ("petitioner"), filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  Petitioner alleged that she suffered an adverse reaction, to include Guillain-Barré syndrome ("GBS"), as a result of an influenza ("flu") vaccine administered to her on January 3, 2018.  Petition at 1.  On May 28, 2019, respondent filed his Rule 4(c) Report recommending against an award of compensation for a presumptive (Table) injury of GBS following a flu vaccine, because at the time of his recommendation, it appeared that symptoms attributable to her GBS preceded the vaccination at issue.  *See* ECF No. 25.  On April 20, 2020, petitioner filed the report of Dr. Peter-Brian Andersson, a board-certified neurologist, specifically addressing the issue of petitioner's symptoms leading to her hospitalization on January 2, 2018, and prophylactic flu vaccination.  *See* ECF No. 36-1.  On October 2, 2020, respondent filed an Amended Rule 4(c) Report recommending that compensation be awarded.  ECF No. 45.  On April 15, 2021, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 57.

**I.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $175,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Mary Ligouri's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent now proffers that, based on the Special Master's entitlement decision and the evidence of record, petitioner should be awarded past unreimbursable expenses in the amount of $7,263.85, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $182,263.85, representing compensation for pain and suffering ($175,000.00), and past unreimbursable expenses $7,263.85), in the form of a check payable to petitioner, Mary Ligouri.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

### III.  Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Mary Ligouri:  **$ 182,263.85**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  April 16, 2021

3