# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 22, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| MARY LIGOURI, | * | |
| Petitioner, | * | No. 18-824V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Sarah C. Duncan*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On June 12, 2018, Mary Ligouri ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed Guillain-Barré syndrome as a result of the influenza vaccination she received on January 3, 2018. On April 16, 2021, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 59).

On April 27, 2021, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 63) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $42,337.93, representing $35,863.50 in attorneys' fees and $6,474.43 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. Fees App. Ex. 3. Respondent filed a response on May 4, 2021, indicating

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 64). Petitioner did not file a reply thereafter

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of final reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a. **Reasonable Hourly Rates**

Petitioner requests compensation for her counsel at the following rates: for Mr. Andrew Downing, $385.00 per hour for work performed in 2016-2021, and for Ms. Courtney Van Cott, $275.00 per hour for work performed in 2020. These rates are consistent with what Mr. Downing and Ms. Van Cott have previously been awarded for their Vaccine Program work, and I find them to be reasonable for the instant case.

b. **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. However, a small amount must be reduced due to paralegals billing for administrative tasks, such as paying invoices and filing documents. Upon review, a reasonable reduction for these issues is $600.00 Petitioner is awarded final attorneys' fees in the amount of $35,263.50.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $6,474.43 in attorneys' costs. Fees App. Ex. 1 at 37-39. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's medical expert, Dr. Peter-Brian Andersson. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience.[3] Petitioner has provided adequate documentation supporting the request.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $35,863.50 |
|---|---|
| (Reduction to Fees) | - ($600.00) |
| **Total Attorneys' Fees Awarded** | **$35,263.50** |
| | |
| Attorneys' Costs Requested | $6,474.43 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,474.43** |
| | |
| **Total Amount Awarded** | **$41,737.93** |

**Accordingly, the undersigned awards a lump sum in the amount of $41,737.93, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Andrew Downing.**

---

[3] In this case, Dr. Andersson billed his time at $500.00 per hour. The undersigned finds the rate reasonable for work performed in the instant case. The undersigned is not endorsing $500.00 per hour as a reasonable hourly rate for Dr. Andersson in all situations or future cases and reserves the right to determine a reasonable rate for the work performed in future cases.

  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

  **IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).